Kenneth N. Frucht, State Bar No. 178881
LAW OFFICES OF KENNETH FRUCHT
660 Market Street, Suite 300
San Francisco, CA 94104
Tel: (415) 392-4844
Fax: (415) 392-7973

Attorneys for TERRY MCGEE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MCGEE,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, FRED LAU, LORENZO ADAMSON, CHRISTOPHER ANDERSON, JOY CARTER, LISA CURRY , GREGORY DARE, NEIL FANENE, MOLI FINAU, ARLINE GILMORE, TERRY HUEY, MICHAEL LAU, NICOLE MANNING, RONALD MORRISON, JAMES NGUYEN, ANGEL POON, JAMES WILSON, MICHAEL WILLIAMS, PAUL YAMAMOTO, and DOES 1-25, inclusive,<br><br>         Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES (42 U.S.C. § 1983)**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW PLAINTIFF, TERRY MCGEE, and who alleges and complains against Defendants, CITY AND COUNTY OF SAN FRANCISCO, FRED LAU, LORENZO ADAMSON, CHRISTOPHER ANDERSON, JOY CARTER, LISA CURRY , GREGORY DARE, NEIL FANENE, MOLI FINAU, ARLINE GILMORE, TERRY HUEY, MICHAEL LAU, OFFICER NICOLE MANNING, RONALD MORRISON, JAMES NGUYEN, ANGEL POON, JAMES WILSON, MICHAEL WILLIAMS, PAUL YAMAMOTO,  and DOES 1-25, inclusive, as follows:

1

**COMPLAINT FOR DAMAGES**

## I.   JURISDICTION

1. This is a civil rights action and this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a)

2. Venue is proper in the Northern District of California under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claims in this action occurred within this District.

## II.   PARTIES

3. At all times relevant hereto, Plaintiff TERRY MCGEE. was a resident of the City and County of San Francisco, State of California.

4. Defendant, CITY AND COUNTY OF SAN FRANCISCO, is and was at all times herein mentioned, a public entity duly organized and existing under the law of the State of California.

5. Defendant FRED LAU was at all times herein mentioned the Chief of Police of the San Francisco Police Department, and had ultimate decision making authority and was responsible for decisions relating to policies and procedures of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein.  He is being sued herein in his individual and in his official capacity.

6. Defendant LORENZO ADAMSON was at all times herein mentioned a police officer of the San Francisco Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

7. Defendant CHRISTOPHER ANDERSON was at all times herein mentioned a police officer of the San Francisco Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his official capacity.

8. Defendant JOY CARTER was at all times herein mentioned a police officer of the San Francisco Police Department.  In that capacity she was acting under the color of state law during the relevant acts and omissions alleged herein.  She is being sued herein in her individual and in her

official capacity.

9. Defendant LISA CURRY was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity she was acting under the color of state law during the relevant acts and omissions alleged herein. She is being sued herein in her individual and in her official capacity.

10. Defendant GREGORY DARE was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

11. Defendant NEIL FANENE was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

12. Defendant MOLI FINAU was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

13. Defendant ARLINE GILMORE was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

14. Defendant TERRY HUEY was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

15. Defendant MICHAEL LAU was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his

**COMPLAINT FOR DAMAGES**

official capacity.

16. Defendant NICOLE MANNING was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity she was acting under the color of state law during the relevant acts and omissions alleged herein. She is being sued herein in her individual and in her official capacity.

17. Defendant RONALD MORRISON was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

18. Defendant JAMES NGUYEN was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

19. Defendant ANGEL POON was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity she was acting under the color of state law during the relevant acts and omissions alleged herein. She is being sued herein in her individual and in her official capacity.

20. Defendant MICHAEL WILLIAMS was at all times herein mentioned a sergeant in the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

21. Defendant JAMES WILSON was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his official capacity.

22. Defendant PAUL YAMAMOTO was at all times herein mentioned a police officer of the San Francisco Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein as in his individual and in his

**COMPLAINT FOR DAMAGES**

official capacity.

23. Plaintiff is ignorant of the true names and capacities whether. individual, corporate or otherwise, of DOES 1-25 herein and prays leave of the Court to insert the true names and capacities of such Defendants when they become known or are ascertained, together with appropriate charging allegations.

24. Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein was the agent, employee or representative of each of the remaining defendants, and in doing the things herein mentioned, were acting in the course and scope of such agency and employment. It is further alleged that in doing the acts or omissions complained of herein, that Defendants, and each of them, acted or omitted to act in concert as agents of and/or on behalf of the other defendants named herein.

### III.    STATEMENT OF FACTUAL ALLEGATIONS

25. Plaintiff is an African American resident of the City of San Francisco.  Plaintiff grew up in, works in, and owns a business in San Francisco.  Plaintiff lives in his home on Orizaba Street in San Francisco.

26. Plaintiff has been arrested numerous times by police officers from the Taraval station in San Francisco.  Plaintiff is informed and believes and thereupon alleges that many of the police officers working at the Taraval station are racially prejudiced against African Americans and specifically target African Americans for arrest.

27. Plaintiff is informed and believes and thereupon alleges that Defendants targeted him for arrest and abuse because they resent the fact that he is a successful African American who owns his own business and home and is not afraid to speak out against abusive police practices.

28. On or about July 11, 2001, Plaintiff was walking on Orizaba Street where his home is located.

29. As Plaintiff was walking, he was contacted by Defendant MANNING, who asked him if he "had anything." MANNING was not in police uniform and was driving a vehicle that was not marked or identified as a police vehicle.

30. Plaintiff knew MANNING was a police officer and understood that she was asking for

5

**COMPLAINT FOR DAMAGES**

drugs.  Plaintiff is not a drug dealer and he told MANNING that he didn't have anything.

31. Plaintiff started to walk away from MANNING's car.  As he did so, he was rushed by several of the Defendant police officers who told Plaintiff to stop, which he did.

32. The Defendant officers told Plaintiff he was under arrest and began to handcuff him.  Plaintiff protested verbally, but did not offer any physical resistance.

33. In response to Plaintiff's verbal protests, Defendant FANENE began choking Plaintiff with both hands and forcing him to the ground.  Defendants WILLIAMS yelled to FANENE to stop choking Plaintiff, but FANENE continued.  As FANENE forced Plaintiff to the ground, FANENE lost his balance and fell and hit his head on the pavement.

34. Other Defendant officers converged on Plaintiff and began attacking him by kicking him, striking him with their fists, and using heavy instruments and/or weapons to strike Plaintiff.

35. During the Defendants' attack on Plaintiff, Defendant CURRY struck Plaintiff's wrist with a flashlight or a baton and broke Plaintiff's wrist.

36. Plaintiff was severely beaten by the Defendants and suffered severe injuries.

37. During the attack the Defendant officers yelled at Plaintiff "shut up nigger" and repeatedly shouted "nigger" at Plaintiff.

38. Plaintiff was arrested and led to a patrol car.  During the incident a crowd had formed and was observing the Defendant officers attack and arrest Plaintiff.  As the Defendant officers were taking Plaintiff to the patrol car, Defendant POON pulled Plaintiff's pants down and exposed his genitalia to the crowd.  The other Defendant officers maliciously laughed at this public and humiliating display of Plaintiff's privates.

39. Plaintiff is informed and believes and thereupon alleges that Defendant POON's conduct and the conduct of the other Defendant officers was motivated and suffused with racial animus and was intentionally and maliciously intended to embarrass and humiliate Plaintiff in front of a his neighbors.

40. Defendants arrested and conducted a strip search of Plaintiff with the intention of humiliating and embarrassing him.  Plaintiff was later transported to San Francisco General Hospital where he was treated for his injuries.

**COMPLAINT FOR DAMAGES**

41. In order to cover up their unreasonable use of force and other illegal acts, the Defendant officers conspired to prepare police reports that were false in their description of what had occurred. The Defendant officers knew their accounts were false when they prepared the police reports.

42. In order to cover up their unreasonable use of force and other illegal acts, Defendant officers conspired to fabricate and plant false evidence to falsely implicate Plaintiff in criminal conduct.

43. Based on the false statements, false reports, and fabricated evidence of the Defendant officers, Plaintiff spent approximately five days in jail and was charged and prosecuted for violation of California Health and Safety Code Section 11355 and California Penal Code Sections 243(b) and 148(a).

44. All charges against Plaintiff were dismissed in March, 2003. Plaintiff is informed and believes and thereupon alleges that the charges were dismissed for lack of evidence.

45. Defendants did not have probable cause to arrest Plaintiff at any time during the incident.

46. Plaintiff is informed and believes and thereupon alleges that Defendant CURRY is and was known by her supervisors, by Defendant LAU and by Defendant CITY AND COUNTY OF SAN FRANCISCO and by the San Francisco Police Department to have used excessive force in the past and to have caused serious injuries by her use of excessive force.

47. Plaintiff further alleges that CURRY was found by a jury to have unlawfully committed battery in a prior lawsuit.

48. Plaintiff is informed and believes and thereupon alleges that Defendant CITY AND COUNTY OF SAN FRANCISCO and Defendant LAU had a practice and policy of trying to cover up and conceal police misconduct, and that one way of achieving this goal was by offering to pay more money to settle lawsuits in return for an agreement by the aggrieved plaintiffs to vacate their judgments. This practice and policy was followed with respect to CURRY.

49. Plaintiff is informed and believes that despite the knowledge of the Defendants of CURRY's prior misconduct, CURRY has never been reprimanded, warned, disciplined, monitored, or retrained for said misconduct, and that it is the policy and practice of the San Francisco Police

7

**COMPLAINT FOR DAMAGES**

Department, adopted, carried out and enforced by its supervisors, decision makers and employees, to refrain from taking action against police officers known to engage in misconduct.

50. All acts and/or omissions perpetrated by each defendant were engaged in maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants

### IV.   DAMAGES

51. As the result of the wrongful and unlawful conduct of the officers and of the excessive force which was used against Plaintiff, Plaintiff suffered injuries to his arm, torso, neck, back, elbows, knees and legs including but not limited to bruising, muscle strain, impaired movement, and sprains, among others, which required medical attention. Plaintiff sought treatment from physicians for his injuries and incurred expenses in the treatment of his injuries.

52. As the result of the wrongful and unlawful conduct of the officers and of the excessive force which was used against Plaintiff, Plaintiff suffered a fractured wrist.

53. As a result of the acts and omissions alleged herein, Plaintiff sustained a loss of income from work in an amount to be determined according to proof.

54. As a further result of the acts and omissions alleged herein, Plaintiff has suffered and continues to suffer humiliation, fear, embarrassment, emotional anguish and extreme emotional distress in an amount to be determined according to proof.

55. As a further result of the acts and omissions alleged herein, Plaintiff has been deprived of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

56. Plaintiff will be required to engage in the services of private counsel to vindicate his rights under the United States Constitution and under the laws of the United States of America and the State of California. Plaintiff is therefore entitled to reasonable attorneys' fees and costs if he prevails in this action.

**COMPLAINT FOR DAMAGES**

## FIRST CLAIM
(42 U.S.C. 1983)
(Excessive Force - Against The Individual Defendants)

57. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 56 as though fully set forth herein.

58. Defendants used unreasonable and excessive force in detaining and arresting Plaintiff.

59. Defendants conduct was the proximate cause of harm and damage to Plaintiff, and by reason of the foregoing alleged acts and conduct Plaintiff is entitled to general, special and punitive damages against the individual Defendants all according to proof at trial.

60. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

## SECOND CLAIM
(42 U.S.C. 1983)
(Unreasonable Search And Seizure - Against The Individual Defendants)

61. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 60 as though fully set forth herein.

62. Defendants detained and arrested Plaintiff without probable cause.

63. The acts and omissions of the Defendants, and each of them except defendant rights under the laws and Constitution of the United States including but not limited to his right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

64. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

**COMPLAINT FOR DAMAGES**

### THIRD CLAIM
(42 U.S.C. 1983)
(Violation Of Equal Protection Rights - Against The Individual Defendants)

65. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 64 as fully set forth herein.

66. Defendants targeted Plaintiff because he is an African American and attempted to demean, embarrass and humiliate Plaintiff because of racial animus that Defendants have towards African Americans, and in particular African Americans who are successful and not willing to display outward signs of subservience.

67. The acts and omissions of the Defendants, and each of them, as alleged herein, were done under color of state law and in violation of Plaintiff's rights under the laws and Constitution of the United States, including but not limited to his right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

68. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

### FOURTH CLAIM
(42 U.S.C. 1983)
(Violation of Due Process – Malicious Prosecution - Against The Individual Defendants)

69. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 68 as fully set forth herein.

70. Defendant officers arrested Plaintiff without probable cause, contrived false charges to justify his arrest, submitted false police reports and initiated the criminal prosecution of Plaintiff in bad faith. Further, Defendant officers acted with racial animus and intentionally targeted Plaintiff for prosecution because of their racial animus towards Plaintiff, and African American.

71. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated,

despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

### FIFTH CLAIM
(42 U.S.C. 1983)
(Monell Claim - Against The City Of San Francisco And All Public Entity Defendants)

72. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 71 as fully set forth herein.

73. Every defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the state and/or federal constitutional or statutory rights of person, grossly negligently with reckless disregard to state or federal constitutional and/or statutory rights, failed to properly train, to supervise, to retrain if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiff pursuant to the principals set for the in *Monell v. New York City Dept. of Social Services* and its progeny.

### DEMAND FOR JURY

PLAINTIFF DEMANDS THAT EACH OF HIS CLAIMS BE TRIED BEFORE A JURY.

### PRAYER

WHEREFORE, plaintiff prays for judgment against all Defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages, general damages, special damages, and other sums according to proof at trial;

2. For a money judgment for mental pain and anguish and emotional distress according to proof at trial;

3. For punitive damages against the individual Defendants;

11
**COMPLAINT FOR DAMAGES**

4. For attorney's fees and costs of suit, pursuant to 42 USC 1988;

5. For prejudgment and post-judgment interest;

6. For any other remedy that the court deems just and proper.

DATED:  May 22, 2003                                LAW OFFICES OF KENNETH FRUCHT


_____
Kenneth N. Frucht
Attorney For Plaintiff

12

**COMPLAINT FOR DAMAGES**